IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUCILLE M. BRINK, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | NO. 19-2350 |

## MEMORANDUM OPINION

**LINDA K. CARACAPPA**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lucille M. Brink brought this action under 42 U.S.C. 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Act. In accordance with 28 U.S.C. §636(c), Fed. R. Civ. P. 72, and Local Rule 72.1, consent to the exercise of jurisdiction by a Magistrate Judge has been established.

Presently before this court are plaintiff's request for review, the Commissioner's response, and Commissioner's motion to stay. For the following reasons, we find that Commissioner's Motion to Stay (Doc. 14) be Denied as Moot and that plaintiff's request for review be GRANTED.

Plaintiff argues that the presiding Administrative Law Judge ("ALJ") was improperly appointed pursuant to the Appointments Claus of the United States Constitution and therefore lacked legal authority to decide plaintiff's case. Pl. Br. at 5-10. (citing Lucia v. S.E.C., __ U.S. __,138 S.Ct. 2044, 2055 (2018) (holding that ALJs employed by the Securities and Exchange Commission ("SEC") were inferior officers subject to the Appointments Clause of the United State Constitution and that a party who makes a timely challenge to the constitutional

1

validity of the appointment of the officer who adjudicates his or her case is entitled to relief). The Commissioner does not dispute that the SSA ALJs were not constitutionally appointed. Def. Resp. at 8 n. 1 ("For the purposes of this brief, Defendant does not argue that SSA ALJs are employees rather than inferior officers.") However, the Commissioner argues that plaintiff forfeited his Appointments Clause claim by failing to raise it before the Social Security Administration. On November 25, 2019, the Commissioner filed a motion to stay consideration of the case pending a decision on this issue by the Third Circuit Court of Appeals, Doc. 14 (citing Cirko v. Berryhill, No. 19-1772 (3d Cir.) and Bizarre v. Berryhill, No. 19-1773 (3d Cir.)), which plaintiff opposed. Doc. 16. The court had not yet decided the motion when the Third Circuit decided the issue and concluded that the Appointments Clause challenge is not subject to exhaustion in the agency appellate process, and that the appropriate remedy is remand for a new administrative hearing before a constitutionally appointed ALJ other than the one who presided over the claimant's first hearing.

In a recent decision, the Third Circuit Court of Appeals decided that exhaustion of Appointments Clause claims is not required in the SSA context. Cirko v. Commissioner of Social Security and Bizarre v. Commissioner of Social Security, __ F.3d __, 2020 WL 370832 (3d Cir. Jan. 23, 2020). As a result, the Third Circuit Court of Appeals directed that the cases before it on consolidated review were to be remanded for new hearings before constitutionally appointed ALJs other than those who presided over the claimants' initial hearings. Id. at 6.

Consistent with the Third Circuit's decision, plaintiff's request for review is granted and the matter is remanded case pursuant to Cirko v. Commissioner of Social Security and Bizarre v. Commissioner of Social Security, __ F.3d __, 2020 WL 370832 (3d Cir. Jan. 23, 2020), for consideration by a constitutionally appointed ALJ other than the one who previously

adjudicated plaintiff's claim.

    Appropriate Orders follow.

                                        BY THE COURT:

                                        /S LINDA K. CARACAPPA
                                        LINDA K. CARACAPPA
                                        UNITED STATES MAGISTRATE JUDGE